**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGEY ANIKIN; IRINA ANIKINA; DMITRY ANIKIN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70375 <br><br> Agency Nos. A077-374-936 <br> A077-374-937 <br> A077-374-938 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Petitioners seek review of agency decisions denying their applications for

adjustment of status, asylum, withholding of removal, and relief under the

Convention Against Torture.  We deny the petition in part and grant it in part.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because the parties are familiar with the history of this case, we need not recount it here.

1.      The Board of Immigration Appeals (BIA) permissibly concluded that Irina Anikina was statutorily ineligible for adjustment of status, where her lawful student status had expired four years before she applied for adjustment of status. Congress has prohibited adjustment of status for any person "who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States."  8 U.S.C. § 1255(c).  Simply put, one must have status in order to adjust it.

2.      Remand is required to determine if Sergey Anikin is eligible for asylum, withholding of removal, or relief under the Convention Against Torture. Here, the Immigration Judge (IJ) twice concluded that Anikin had established past persecution; however, it is not clear from the agency's orders that the IJ actually afforded Anikin the benefit of this presumption.  *See Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010) (remanding where unclear if BIA had incorrectly assigned burden of proof to petitioner).

Moreover, the IJ conducted no individualized determination of how changed country conditions in Russia impacted Anikin's specific circumstances.  The IJ's

generalized analysis falls short of proving that the government overcame its burden of presumption to demonstrate Anikin could reasonably return to Udmurtia without a fear of future persecution. *See Borja v. INS*, 175 F.3d 732, 737–38 (9th Cir. 1999) (en banc).

On remand, the agency's analysis should reflect the proper consideration of the presumption of a well-founded fear of future persecution afforded by a finding of past persecution. *See* 8 C.F.R. § 1208.13(b)(1); *see also Deloso v. Ashcroft*, 393 F.3d 858, 863-864 (9th Cir. 2005).

Given our decision, we need not, and do not, decide any other issues urged by the parties.

Each party should bear their own costs.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**